# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**SUMTER ELECTRIC**
**COOPERATIVE, INC.,**

      **Plaintiff,**

**v.**                                      **Case No: 5:21-cv-95-JSM-PRL**

**MOBILE ENERGY INC,**

      **Defendant.**

_____

## ORDER

This matter is before the Court on Plaintiff Sumter Electric Cooperative, Inc.'s (SECO) motion to compel better discovery responses from Defendant Mobile Energy, Inc. ("Mobile Energy"). (Doc. 16). Defendant filed a response (Doc. 19) and Plaintiff filed a reply. (Doc. 22).

### I.    Background

This lawsuit arises out of a contract for the sale of a mobile electric substation. SECO is a not-for-profit, member-owned rural electric cooperative serving the west-central region of the State of Florida since 1938. Mobile Energy is a Canadian corporation and manufacturer of mobile substations that bid on the construction and sale of mobile substation to SECO, in response to a competitive procurement of the same by SECO.

SECO alleges that the mobile substation that Mobile Energy delivered fails to comply with the subject contract, primarily due to the resulting size and weight of the product, using actual weights determined by Florida Department of Transportation officials using their independently certified scales. SECO immediately rejected the mobile substation, has never

used the same, and has never taken title to or registration of the unit, which SECO deems to be a nonconforming tender pursuant to the governing contract and Florida's Uniform Commercial Code. Mobile Energy disagrees that its product is nonconforming and has alleged that SECO failed to make the final 20% payment for the product upon delivery.

On March 18, 2021. Plaintiff served Defendant with Plaintiff's first request for production of documents, first request for admissions, and first set of interrogatories. (Doc. 16-1). On April 19, 2021, Defendant responded to the discovery requests but did not produce any documents. (Doc. 16-2). On April 26, 2021, SECO's counsel sent a conferral letter, identifying the purported deficiencies in the discovery responses. (Doc. 16-3). The parties had a conference on April 29, 2021 and discussed the topics listed in the letter. According to SECO, no issues were definitively resolved.

On May 7, 2021, SECO then filed the instant motion requesting better responses to 21 discovery requests—ten requests for production (Nos. 1, 8, 9, 10, *12*, 13, 14, 15, 16, and 17), seven requests for admissions (Nos. 5, 6, 7, 8, 20, 21, 22), and four interrogatories (nos. 3, 6, 12, and 18). Mobile Energy subsequently served supplemental discovery responses and produced responsive documents. (Doc. 19-1). Despite the supplemental responses and further discussions, SECO contends that 17 responses still remain in dispute—ten requests for production (Nos. 1, 8, 9, 10, 12, 13, 14, 15, 16, and 17), three requests for admissions (Nos. 20, 21, and 22), and four interrogatories (Nos. 3, 6, 12, and 18). (Docs. 19, 22).

## II.    Legal Standards

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to

be discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The Court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

### III. Discussion

Here, the disputed discovery falls into several categories. First, SECO seeks the production of Mobile Energy's bids from the last three years, and the identities of every procuring party for every mobile substation Mobile Energy has delivered over the past five years (RFP No. 1; Interrogatory No. 6). Mobile Energy objected to these requests as irrelevant, overbroad, unduly burdensome, out of proportion to the issues in the case, and proprietary. SECO disagrees and argues that this discovery is relevant to its affirmative defense of fraud, which provides:

> The agreement was procured by Mobile Energy's fraud and/or misrepresentations and was therefore invalid. For example, Mobile Energy intentionally under bid the subject product in an effort to win the procurement, and Mobile energy never intended to deliver a product consistent with the agreement of the parties.

(Doc. 11 at 3). SECO believes that Mobile Energy's conduct is consistent with a practice of underbidding competitive procurements to win bids, but then producing heavier units. This speculation, however, without any evidence of another contract where Mobile Energy underbid a competitive procurement and then produced a heavier unit, fails to support these expansive requests. Accordingly, Mobile Energy's objections to Request for Production No. 1 and Interrogatory No. 6 are sustained.

Next, while Mobile Energy apparently has produced the full set of signed and sealed engineering schematics for the mobile substation delivered to SECO, it has objected to

producing preliminary drafts of its final schematic drawings as overbroad, unduly burdensome and out of proportion to the issues in the case. Mobile Energy's objections are overruled. Indeed, the changes made to the mobile substation schematics and the resulting weight increase are central to this case and their importance outweigh the claimed burden asserted by Mobile Energy. Accordingly, Mobile Energy shall produce to SECO all responsive documents within **fourteen days** of this Order.

In Request for Production No. 17, SECO seeks "all receipts, invoices, bills, statements, charges or other payment documents you received from any vendor for any of the parts included on the Mobile substation." SECO contends it is unclear what components caused the weight increases to the substation and SECO is attempting to identify every part on the mobile substation and determine its component weight. The Court agrees that SECO is entitled to information regarding the weight of the component parts and finds it hard to believe that Mobile Energy would not keep a record of the parts used. Accordingly, within **fourteen days** of this Order, Mobile Energy shall produce all responsive documents to SECO, with prices redacted. To the extent the parties can reach an agreement (as SECO's counsel suggested) for Mobile Energy to provide only the major component weights, they may do so. But such information must be produced within the same fourteen-day period.

Finally, SECO seeks responses to three Requests for Admissions. Requests numbered 20 and 21 involve the length of the "outer bridge" of the unit delivered "in transit mode" without a "jeep axle" or any booster. Request Number 22 asks Mobile Energy to admit that the mobile substation "in transit mode," with or without a "jeep axle" attached, "fails to meet the minimum spacing between axle groupings, as required by the Florida Department of Transportation." In its response and supplemental response, Mobile Energy raised only

relevancy objections. Now, in its response, Mobile Energy argues for the first time that it does not understand the requests well enough because of the technical language. Even assuming this objection is timely raised, the Court is unpersuaded by Mobile Energy's argument. Indeed, the so-called technical language used in these admissions is industry terminology that was pulled from Mobile Energy's own drawings and was used in other requests answered by Mobile Energy. Accordingly, within **fourteen days** of this Order, Mobile Energy shall serve responses to Request for Admissions number 20, 21, and 22, failing which they will be deemed admitted.

This leaves Requests for Production Nos. 9, 10, 12, 13, 14, 15, 16 and Interrogatories Nos. 3, 12, 18, which Mobile Energy did not substantively address in its response, possibly because it thought the issue as to those requests had been resolved. Mobile Energy further noted in passing that it had provided responsive documents to Request for Production No. 10, 12, 14, and 15, but apparently SECO was not satisfied with the production because it asserts in its subsequent reply that those requests are still at issue. This puts the Court in the position of guessing as to which disputes exist and possibly ruling on moot issues. Accordingly, the motion as to remaining discovery requests is denied without prejudice to renewal. The Court expects counsel to work together in good faith to resolve any further issues.

**DONE** and **ORDERED** in Ocala, Florida on June 23, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties